BENZING v. HARMON.

COVENANTS—BUILDING RESTRICTIONS—EFFECT OF CHANGING CHAR-
ACTER OF PROPERTY ON ANOTHER STREET.

In a suit to enjoin the violation of building restrictions
in a deed by the erection of store buildings in a resi-
dential district, ·the fact that the property on an ad-
joining street was changing in character from residential
to business property would not justify abrogation of said
restrictions where there has been no violation thereof in
the restricted area involved in this case.

Appeal from Wayne; Webster (Clyde I.), J.     Sub-
mitted June 13, 1922.     (Docket No. 79.)     Decided
July 20, 1922.

Bill by Theodore Benzing and others against Austin
C. Harmon and another to enjoin the violation of
building restrictions.    From a decree for plaintiffs,
defendants appeal.    Affirmed.

*Charles R. Robertson,* for plaintiffs.

*Bernard F. Weadock,* for defendants.

MOORE, J.    In the year 1912, E. Percy Ashton and
William C. Burton purchased a number of lots in the
Leggett and Miller subdivision, Detroit, Michigan, said
lots extending westerly on the south side of Delaware
avenue from Third avenue to Hamilton boulevard, and
on the north side of Delaware avenue from Hamilton
boulevard easterly a distance of approximately 315
feet.    The deed of conveyance to them contained
restrictions.    For the purpose of further improving
the property as a residential neighborhood Messrs.

On right to enforcement of restrictive covenant as affected
by change in neighborhood, see note in 28 L. R. A. (N. S.)
706.

Ashton and Burton put into the deeds of conveyance executed by them restrictions as follows:

"As a part and further consideration of this deed, said second parties hereby agree for themselves, their heirs and assigns that the premises hereby conveyed shall be used for residence purposes only; that no single dwelling shall be erected thereon at a cost of less than $2,000, and no double dwelling shall be erected thereon at a cost of less than $3,000, and no building shall be erected on said premises within 30 feet of the front or Delaware avenue line and no building thereon shall have a flat roof. Said covenants and agreements shall run with the land."

The lot owned by defendants is platted fronting on Delaware avenue and siding on Hamilton boulevard. The defendants purchased on land contract in 1916 and obtained a deed in 1918 which contained the restrictions above quoted.

The bill of complaint is filed to enjoin defendants from violating the restrictions contained in the deeds. The claim of defendants is stated by counsel as follows, we quote from the brief:

"In 1913 when Burton and Ashton placed the restriction there had been some development of the neighborhood and at the time of the purchase by the defendants in 1916 and subsequent thereto a further growth in the neighborhood had occurred, the defendants contending that in such growth the character of the neighborhood had undergone a radical change from that of 1909 and 1913 and that the business character of Hamilton boulevard effected such a change in the property as to permit its use for business purposes despite the covenant relative to its use for residential purposes.

"In 1921 the defendants, Harmon and Greene, commenced the construction of a store building on the lot. The stores facing Hamilton boulevard except for one facing Delaware avenue. The plans of the store building call for the erection of the building within 30 feet from the street line on Delaware and provides for a flat roof."

The case was tried in open court. Many photographs were introduced in evidence, showing the situation in the restricted district and upon Hamilton boulevard near the restricted district.

The chancellor visited the premises. In an opinion filed by him it is said in part:

"There has been no violation of the restrictions in the restricted area in this case. All the lots have been built on except this one; they have all been devoted to residence purposes only; they are all 30 feet from the lot line or practically so; none of them have a flat roof. Now this court is called upon to decide that because Hamilton boulevard, upon which this particular lot sides, has become a business street, that notwithstanding that there has been no violation of the restrictive covenants within this area, or within this subdivision, that for that reason this court is to set aside the restrictions and permit the building upon this lot of a one-story building that shall be devoted entirely to commercial or store purposes, seven stores to face upon Hamilton and one upon Delaware; that it is to be a one-story building with a flat roof and that it is to be built out to the lot line. In other words, it is proposed to violate all of the restrictions. It might follow that if the restriction as to the residence purposes is set aside that would give the right to build a flat roof building and also to build to the lot line. I am not called upon to pass upon that. As I say, up to this point our Supreme Court has not permitted the breaking of restrictions in a particular subdivision because an adjoining street has become business, and I do not feel warranted in going that far, especially when I recognize as already indicated, the importance of the decision.

"Now as to Hamilton boulevard, I feel this way about it; as a general proposition it is true that it has become a business street. It so happens, however, that immediately surrounding Delaware avenue there are no stores or business places upon the east side of Hamilton boulevard, in fact, there is no store or building used for commercial purposes from Delaware avenue south, on the east side of Hamilton boulevard to the Grand boulevard, which is a considerable dis-

tance.    There is no store immediately north of Delaware, on the east side of Hamilton, for at least a block, I guess just a block."

Upon the oral argument in this court counsel for defendants stated his clients, if permitted to build, would not go nearer than 30 feet to the Delaware avenue line.    Counsel makes the same claim in this court as to the changed character of the location that was made in the court below.    A similar claim supported by like arguments was made in *Moore* v. *Curry*, 176 Mich. 456, and in *McQuade* v. *Wilcox*, 215 Mich. 302, but in both of those cases it was held that the building restrictions must be observed.    We think these cases and the cases cited therein are controlling.

The decree is affirmed, with costs to the appellees.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.