SHERRARD v. FINE.

Covenants—Building Restrictions—Equity—Changed Condition of Premises.

A covenant in plaintiffs' deed to defendants' grantor that the premises conveyed should be used for residence purposes only and that such covenant should run with the land, is enforceable as against the contention that the condition of the neighborhood was such that it would be inequitable to enforce it; no change, except for the better, in the character of the property owned by plaintiffs having been made since such restrictions were imposed.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 10, 1923. (Docket No. 60.) Decided March 23, 1923.

Bill by Charlotte B. Sherrard and others against Benjamin Fine and others to enjoin the violation of building restrictions. From a decree dismissing the bill, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Clark, Emmons, Bryant & Klein* (*Frederick B. Brown,* of counsel), for plaintiffs.

*A. W. Sempliner,* for defendant Fine.

Moore, J. This is a suit to restrain the use of property for business purposes in violation of restrictions. Prior to 1916 plaintiffs owned land at and near the cornor of Parkview and Jefferson avenues in the city of Detroit, as follows:

(1) The southeast corner of Parkview and Jefferson avenues with a frontage on Parkview of 400 feet and with a frontage on Jefferson avenue of about 100 feet.

(2) The Joseph H. Berry subdivision at the southwest corner of Parkview and Jefferson avenues and running from Jefferson avenue to Detroit river, containing 118 lots, and which is directly across the street from the apartment house later erected by the defendant. Seventy-three of these lots were still owned by the plaintiffs when this suit was begun.

(3) The entire frontage on the north side of Jefferson avenue from Parkview avenue to McClellan avenue.

The property referred to in paragraph one has been sold by plaintiffs as follows: September 13, 1916, to Arthur C. Treadway the south 100 feet on Parkview avenue. October 6, 1919, plaintiffs conveyed to James R. Blackwood the remainder of the property at the southeast corner of Parkview and Jefferson avenues. This deed was duly recorded October 10th, and contained the following restrictions:

"The said party of the second part expressly covenants and agrees with the said parties of the first part that all buildings to be erected on said premises shall be for residences purposes only and same to be constructed with exterior of brick, stone or concrete and to be at least two stories high. Said buildings shall be located not nearer than twenty-five feet to the front line (that is to say the Parkview boulevard line) of said premises.

"Each building to be erected on said premises to cost at least seven thousand five hundred dollars each.

"These covenants shall run with the land and be binding on every owner and occupant of said premises as well as upon said second party, his heirs and assigns."

March 17, 1921, Mr. Blackwood and wife conveyed the same property to the defendant. The grantors covenanted in the deed "that they are free from all incumbrances whatever except as to liens, restrictions and incumbrances of record at the date hereof." On or about March 1, 1921, defendant started the erection of a building containing 35 apartments and one store

on the property deeded to him by the Blackwoods. The building was completed about September 1, 1921, and was first occupied by a store about the middle of November, 1921.   Plaintiffs did not know that it was contemplated that defendant's building should be used in part for business purposes until after the basement was occupied as a grocery store.   Complaint was made by the plaintiffs, to which no attention was paid by the defendant, and this suit was brought.   After the filing of the bill, Flora Benoit occupied another part of the basement with a dressmaking establishment and she was made a party to the case.   Her default was entered for want of an appearance.

The defenses urged by the defendant are:

(1) That the property at the southeast corner of Parkview and Jefferson avenues, formerly owned by plaintiffs and of which the property by defendant is a part, was separate and distinct from the Berry subdivision, and that plaintiffs having parted with their interest in all this parcel, they cannot maintain the suit.

(2) That the condition of the neighborhood is such that it would be inequitable to enforce this restriction.

(3) That the plaintiffs are guilty of laches.

The trial judge held that upon this record defenses 1 and 3 were not available to the defendant, but that defense 2 was.   He viewed the premises and in a written opinion expressed himself in part as follows:

"The defendants' property and the plaintiffs' property is at the present time surrounded by business, manufacturing, theatre and boat wells.   The property to the west, the Webber property, is filled with the shacks of boat wells, etc., that will not be removed for three years.   There is nothing to prevent the owner of that property, even when these are removed, from using it for business.   The property on the east is owned by the witness Treadway and leased by him to the Belle Isle Boat & Engine Company, American Boat Company and for boat wells, and the lease there has sixteen years to run.   And with the other theatre

and store property in the neighborhood,  *  *  *
I do not believe that it would be equitable at this time
to enforce the restriction.    The small basement busi-
ness places do not damage anyone.    Now that they
are located and doing business, and were when this
bill was filed, I think that justice and equity would
be better done if they are permitted to remain and
continue.    If the defendant Fine seeks to enlarge the
space used for business, or when the condition of the
surrounding locality is improved so that it would be
more equitable to enforce the restriction, plaintiffs
may apply for relief as against this or any other
violation of the restriction.
"The bill will be dismissed, but without costs."

A decree was made accordingly and the case is
brought here by appeal.

There is no pretense that the character of the prop-
erty owned by the plaintiffs prior to 1916 has changed
except for the better.    No violation of the restrictions
has been made by the plaintiffs or by any of their
grantees, except the one which is now attempted to be
made by defendants in violation of their contract.
The case in these respects is unlike *Windemere-Grand,
etc., Ass'n* v. *American State Bank,* 205 Mich. 539,
where the condition was wholly changed after the
restrictions were made.

The question is not a new one in this State.    Some
of the cases are *Reilly* v. *Otto,* 108 Mich. 330; *Moore*
v. *Curry,* 176 Mich. 456; *Baxter* v. *Ogooshevitz,* 205
Mich. 249; *McQuade* v. *Wilcox,* 215 Mich. 302 (16 A.
L. R. 997) ; *Goodlove* v. *Hamburger,* 218 Mich. 156;
*Benzing* v. *Harmon,* 219 Mich. 532.    It is clear the
plaintiffs by the restrictions were endeavoring to
create a high class residential district, and have never
given up that idea.    They were also by other activi-
ties trying to extend the area of this high class resi-
dential district.    If the defendant had consulted the
record he would have known all about the restrictions
which run with the land, and which it was his duty

to observe. No act of the plaintiffs has waived the restrictions. The plaintiffs should have been given a decree as prayed in their bill of complaint.

The decree is reversed, and one will be entered in accordance with this opinion, with costs to appellants.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.