KELMAN *v.* SINGER.

1. COVENANTS—BUILDING RESTRICTIONS—CONSTRUCTION—ABANDONMENT—WAIVER—INJUNCTION.

Where property owners construed a restriction in their deeds that buildings should not be placed nearer than 25 feet to the street line as having reference to the main walls of the buildings, that their porches, steps, or bay windows projected into the restricted area, *held*, not to constitute an abandonment of the restriction so far as it remained beneficial, nor a waiver of their right to insist on its enforcement.

2. SAME—WAIVER—ESTOPPEL—INJUNCTION.

That plaintiffs suffered a temporary building, built by defendants, to remain on the restricted area for over three years, *held*, not to bar their right to enjoin the erection of a permanent building thereon.

3. SAME.

In view of the practical construction given to the restriction by plaintiffs, the main bearing walls of their buildings being kept on the 25-foot line, the violation of the restriction, if any, by the projection of the porches, steps, and bay windows into the restricted area would not give

As to what part of a structure must be beyond the line to constitute a violation of a building restriction, see note 52 L. R. A. (N. S.) 1044.

defendants the right to build the main walls of their building up to the farthest point of the porches extending into the restricted area.

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted January 31, 1923. (Docket No. 100.) Decided March 23, 1923.

Bill by Philip Kelman and others against Carl Singer and others to enjoin the violation of building restrictions. From a decree for plaintiffs, defendants appeal. Affirmed.

*Colombo, Colombo & Colombo,* for plaintiffs.

*Friedman & Meyers,* for defendants.

CLARK, J. The bill was filed to enjoin a violation of a building restriction imposed by a common grantor. Defendants owned land at the southwest corner of Kirby avenue and Hastings street in Detroit, subject to the following restriction by their deed and of record:

"No building to be erected nearer than twenty-five feet to the south street line of Kirby avenue, these restrictions to expire on January 1, 1937."

They proposed to build stores upon this land including the restricted area of 25 feet along Kirby avenue. This threatened violation plaintiffs sought to enjoin.

Plaintiffs owned lots on the south side of Kirby avenue adjoining and westerly of defendants' land, which lots are subject to restriction:

"That the premises will be used for residence purposes only and no building erected thereon nearer than 25 feet of the street line of Kirby avenue."

Upon these lots plaintiffs have erected dwellings, the main front walls of which are practically upon the

25-foot line, but into the restricted area they have built porches, steps and in some cases projecting bay windows.

Defendants for nearly three years have had upon their land a small building, or shack, 13x15 feet, used as a fruit and vegetable store. Plaintiffs had testimony of complaints to the occupant of this structure of its being located within the restricted area and of assurances that it was to be there temporarily.

Plaintiffs had decree. Defendants have appealed and contend:

"1. The erection of porches and bay windows extending onto the restricted area, constituted an abandonment of the building line restriction and a waiver of the right to insist on its enforcement."

This is fully answered by *Oliver* v. *Williams*, 221 Mich. 471.

"2. The erection of the fruit and vegetable store on defendants' front twenty-five feet and its existence for over three years without objection, constituted a waiver of the lot line restriction, so far as the defendants' land was concerned, if the building of the porches and bay windows did not produce this result."

The trial judge viewed the premises and from such view and from the testimony was convinced that the structure was temporary in character. We agree with him. Because of the known character of the structure we think that plaintiffs in suffering it to remain for a period of three years are not barred from right to the relief here sought:

"3. If the court should hold that there was not an *entire* abandonment and waiver of the building line restriction, the defendants should be permitted to build up to the farthest point that the fruit and vegetable store extends onto the restricted twenty-five feet. In any event, the defendants should be permitted to build up to the most northerly line of the porches extending onto the restricted area."

In practical and uniform construction of the restriction, dwellings have been placed with their main front walls along and upon the 25-foot line with porches, steps or bay windows extending into the restricted area.      If it be held that the porches, steps and windows constitute violations of the letter of the restriction as we said in the *Oliver Case,* "it constitutes no abandonment of the restriction so far as it remains beneficial."      And see *McNair* v. *Raymond,* 215 Mich. 632.      Because of the practical construction given the restriction by plaintiffs, they would be barred from equitable relief as against one who, building the main wall and body of his dwelling to the 25-foot line, sought to extend a porch into the restricted area, as they have done, but they would not be barred as against one who sought appreciable invasion of such area by a main building or main building walls.      That the main front or bearing wall of a building and the building proper conform to the 25-foot line, the restriction remains beneficial.      Hence plaintiffs are not barred from relief as against defendants' proposed violation.      What has been said disposes of the contention as to the temporary building.

Decree affirmed, with costs to plaintiffs.

WIEST, C. J., and FELLOWS, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.      MCDONALD, J., did not sit.