NECHMAN *v.* ROSS.

1. COVENANTS — BUILDING RESTRICTIONS—VIOLATION BY PLAINTIFF
    WOULD NOT PRECLUDE SUIT TO RESTRAIN OTHER VIOLATIONS.
        If the excavating of a fruit room under the floor of the
        front porch of plaintiff's house was a violation of a re-
        striction in his deed providing that buildings should not
        be located within 25 feet of the front lot line, said fact
        would not preclude him from bringing suit to restrain

defendant from violating said restriction by erecting an inclosed sun parlor within the restricted area on an adjoining lot.

2. SAME—OPEN PORCH NOT A VIOLATION.
    The building of a roof over an open porch *held*, not a violation of said restriction.

3. SAME—MODIFICATION OF DECREE.
    The decree of the court below enjoining defendant from having any of his building within 25 feet of the front lot line is modified, on appeal, so as to allow the construction of an open porch within the restricted area.

Appeal from Wayne; Goff (John H.), J.    Submitted October 3, 1923.    (Docket No. 15.)    Decided November 13, 1923.

Bill by Charles Nechman and others against William Ross to restrain the violation of certain building restrictions.    From a decree for plaintiffs, defendant appeals.    Modified and affirmed.

*Riopelle, Echlin & Lendzion,* for plaintiffs.

*Leon Dreifuss,* for defendant.

MOORE, J.    The defendant is the owner of a lot in the city of Detroit, having a building restriction reading in part as follows:

"Upon any lot, on either side of  *  *  *  Mason Place  *  *  *  no buildings  *  *  *  shall be erected upon the front portion of same  *  *  *  the extreme front portion of which (excepting open porches) must be located twenty-five feet from the front lot line of said lot."  *  *  *

The defendant was proceeding to build on the restricted area an inclosed porch, when the plaintiffs, who are owners of adjacent properties, commenced this proceeding to prevent his doing so.

The case was heard in open court.   The chancellor made a decree reading in part as follows:

"Therefore it is ordered, adjudged and decreed. and the court now here doth order, adjudge and decree that the said defendant, William Ross, desist and refrain from further breaking the restrictions and that he tear down or remove within thirty days, so much of his building as is within the restricted area and more particularly that portion of his said building commonly known as a sunroom, which is within the restricted area, so that when defendant's house shall be finally located the extreme front portion thereof shall not be less than twenty-five feet from the front lot line of his property which is described in the bill of complaint in this cause."

The case is brought here by appeal.

The contention of the appellant is concisely stated by him as follows:

"In conclusion and by way of summing up, we repeat that the plaintiffs, by their conduct, violated the following building restrictions:

"1. Building a basement into the restricted area under the porch a distance of seven feet.

"2. Building the roof of the porch a distance of seven feet and allowing the second floor of said dwelling house to be rented to lodgers and roomers.

"Their allowance and their acquiescence in allowing plaintiff Nechman to breach the building restrictions should estop them as against defendant from attempting to enjoin him from doing the same thing that they have allowed to be done and have done."

The first of these contentions is based upon the fact that plaintiff has a fruit room under the floor of his porch.   If this is a violation of the building restriction it does not preclude the plaintiff from complaining of the violation of the restriction made by the defendant when he built a sun parlor within the restricted area. *Kelman* v. *Singer*, 222 Mich. 454, and cases therein cited.

As to the second contention of the defendant, the

oral testimony, supplemented by photographs, shows that the roof simply covers an open porch and the proofs do not show any occupancy inconsistent with the use of a dwelling house.

We think, however, the decree goes too far and should be modified so as to allow the construction of an open porch, not an inclosed sun parlor.

Thus modified, the decree will be affirmed, but without costs to either party.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.