OAKMAN *v.* MARINO.

1. VENDOR AND PURCHASER—VENDEE WHO PURCHASES FROM AN-
    OTHER VENDEE ON CONTRACT DOES SO AT HIS OWN PERIL.
    A vendee who purchases on contract a lot from a vendor
    who is not the owner and who did not even have a con-
    tract by assignment or otherwise to which the owner of
    the fee was a party, does so at his own peril in regard
    to building restrictions under which the lot was originally
    sold.

2. COVENANTS — BUILDING RESTRICTIONS IN DEED BINDING ON
    GRANTEE'S VENDEE ALTHOUGH NOT INCORPORATED IN CONTRACT—
    RESTRICTION RUNS WITH LAND.
    Where the vendee in a contract for the sale of a lot sold
    on a second contract, and its vendee in turn sold on a
    third contract, a building restriction in the original con-
    tract and in the deed to the vendee therein, but not em-
    bodied in either the second or third contracts was never-
    theless binding on the vendee in the third contract, since
    it is a part of his chain of title, and runs with the land.

[1]Vendor and Purchaser, 39 Cyc. pp. 1678, 1717; [2]Deeds, 18 C.
J. § 458; Vendor and Purchaser, 39 Cyc. p. 1717; 45 L. R. A.
(N. S.) 726; 18 A. L. R. 451; 8 R. C. L. 1117; 4 R. C. L. Supp.
591.

3. SAME — EACH SUBSEQUENT PURCHASER CHARGEABLE WITH NOTICE OF RESTRICTION IN ORIGINAL DEED.

Where a restriction is incorporated in a deed which constitutes a muniment of title to the land the law conclusively charges each subsequent holder of the title with notice of it, and this is true although such instrument is not recorded, and such person has no actual knowledge of its provisions.

4. SAME—WAIVER—ESTOPPEL.

That the owner of a subdivision failed to take action, about six months previously, to restrain the erection of a small frame building, afterwards used as a store, would not amount to a waiver of his right to enforce a restriction limiting the use of a lot to residence purposes so as to estop him from restraining the use of a larger brick building, erected on the same lot, for a store, in the absence of any testimony that he had any knowledge of the intended use of the small building during the course of its construction.

5. SAME—VIOLATOR OF RESTRICTION NOT ENTITLED TO EQUITABLE CONSIDERATION WHERE HE PERSISTED AFTER SUIT INSTITUTED.

That the purchaser of a lot restricted to use for residence purposes has invested a substantial sum of money in a brick store building does not entitle him to any equitable consideration, where he persisted in its construction after suit to restrain same was instituted.

6. SAME—RIGHT TO MAINTAIN SUIT.

Where, in a suit by the owner of a subdivision to restrain the violation of a building restriction on a lot therein, it appears that he has an interest as vendor in three contracts covering lots therein on which the purchase price is not fully paid, and that he is the owner of extensive properties in adjoining subdivisions incident to which identical restrictions are being enforced, it cannot be said that he has no such interest as entitles him to maintain the suit.

7. SAME—CHANGE IN CHARACTER OF PROPERTY.

The claim that there is such a change in the character of the property in the locality in which the lot is situated as would justify the court in refusing to enforce the restriction, *held*, not justified by the proof.

³Vendor and Purchaser, 39 Cyc. pp. 1715, 1717; ⁴Deeds, 18 C. J. § 468; ⁵Injunctions, 32 C. J. § 332; ⁶Deeds, 18 C. J. § 458 (Anno); ⁷Injunctions, 32 C. J. § 581.

Appeal from Wayne; Law (Eugene F.), J., presiding.    Submitted January 4, 1928.    (Docket No. 33.) Decided February 14, 1928.

Bill by Robert Oakman against Angelo Marino to enjoin the violation of building restrictions.    From a decree for plaintiff, defendant appeals.    Affirmed.

*Leroy J. Gilbert* (*John R. Zeigler,* of counsel), for plaintiff.

*Frank J. Hester,* for defendant.

NORTH, J.    The plaintiff in this case filed a bill by which he sought to enjoin the defendant from violating building restrictions covering a lot owned by him in Robert Oakman's Clements avenue subdivision in the city of Detroit, Michigan.    After hearing in the circuit, a decree was entered in favor of the plaintiff. The defendant has appealed.

The building restrictions pertaining to this subdivision were not contained in the recorded plat; but this record discloses they were uniformly included by the proprietor of the plat in the conveyance of each lot, and at the time of this litigation the addition was completely sold out.    Among the restrictions pertinent to defendant's property is the provision that "said lots shall be used solely for residence purposes."    It is conceded that this restriction has been uniformly observed throughout this addition; although it is claimed the plaintiff has tolerated one rather slight infraction of a like restriction in the use of property located a block north of defendant's lot and in one of plaintiff's adjoining additions.    The defendant owns lot number one of this subdivision, and his lot fronts on Clements avenue at the corner of Twelfth street.    About six months before this bill was filed the defendant constructed a small wooden store building on the rear of

his lot.    A little later he began to construct a two-story brick store' building on another portion of the same lot, and thereupon plaintiff filed his bill of complaint.    These stores front on Twelfth street.    It is the claim of the defendant:

(1) That he is a *bona fide* purchaser of his lot without notice or knowledge of the restriction in question.

(2) That the plaintiff acquiesced in the building of the first store and thereby is estopped from enforcing the restriction.

(3) That the plaintiff has no interest in the subject-matter of the suit.

(4) And that there has been such a change of condition in the locality as nullifies this particular restriction.

A review of the record discloses that the defendant cannot successfully claim a lack of notice or knowledge of this restriction.    On the first of April, 1916, the plaintiff as vendor entered into a land contract with the Greenfield Improvement & Sales Company covering this lot.    This contract contained the restriction relied upon by the plaintiff.    On July 26, 1916, the Greenfield Improvement & Sales Company gave a sub-contract to some Polish people, and these people very shortly gave a third contract to the defendant.    Neither of the two contracts last above mentioned contained the restrictive clause.    The Greenfield Improvement & Sales Company contract was paid in full and the plaintiff gave a deed to the sales company in fulfilment of its contract of April 1, 1916.    This deed contained the restriction.    About this time the defendant obtained by assignment the contract held by the Polish people, and, after making the balance of the payments due on this contract, the defendant received a deed on the 1st day of February, 1922.    Prior to this date, the Greenfield Improvement & Sales Company had deeded to the defendant's grantor, the Metropolitan Investment Company.    No restriction was placed in

defendant's deed; but, notwithstanding this, it is obvious that the defendant cannot successfully claim he did not have notice of the restriction.  He indulged in the uncertainty of contracting with parties who at the time were not owners of these premises, and in fact who did not even hold a contract by assignment or otherwise to which the owner of the fee was a party. In doing this, the defendant as a vendee was dealing at his peril.  Whatever rights he had existed by virtue of and were based upon the contract given by the plaintiff to the Greenfield Improvement & Sales Company or the deed subsequently given in fulfilment of that contract.  The restriction relied upon was embodied in each of these·instruments.  It was, therefore, a part of the defendant's chain of title and was binding upon him.  In Berry on Restrictions, p. 444, the rule is stated as follows:

"Where a restriction is incorporated in a deed which constitutes a muniment of title to the land, the law conclusively charges each subsequent holder of the title with notice of it.  *Hayes* v. *Railroad Co.,* 51 N. J. Eq. 345 (27 Atl. 648).  And this is true although such instrument is not recorded, and such person has no actual knowledge of its provisions.  *Stees* v. *Kranz,* 32 Minn. 313 (20 N. W. 241)."

One cannot avoid or nullify a valid restriction by blindly contracting to purchase restricted land from one who is not the owner of the fee, but, instead, is only a holder of contract rights through a prior contract in which the restriction is specifically set forth. This restriction unquestionably runs with the land. *Schadt* v. *Brill,* 173 Mich. 647 (45 L. R. A. [N. S.] 726).  There was no privity of contract between the plaintiff and the defendant; and, if the latter has been damaged, he must seek his remedy against the one who contracted to convey to him this land without restriction.

The remaining defenses, to which reference is above

made, are without merit. · While the record discloses that five or six months before this bill was filed the defendant constructed a small frame building on the Twelfth street side of this lot and thereafter used it as a store, there is no testimony showing that plaintiff had any knowledge of the intended use of this building during its course of construction. This phase of the case is not such as could be held to establish a waiver by or an estoppel against the plaintiff. The attitude of the defendant is indicated by the fact that after this litigation was instituted he persisted in constructing the brick store building on this lot in which building he has invested a substantial sum of money; but no equity can be urged in his behalf on this account.

The plaintiff not only has an interest as a vendor in at least three contracts covering lots in this subdivision on which the purchase price is not fully paid, but he is the owner of extensive properties in adjoining additions incident to which identical restrictions are being enforced. Therefore, it cannot be said he is without interest in the subject-matter of this suit.

The proof does not sustain the claim that there is such a change in the character of the property in this locality as would justify this court in refusing to enforce the restriction in the instant case. The decree of the lower court reserves to the defendant the right to remodel these buildings for residence purposes, and to petition for modification of the decree in event the locality ceases to be a residence district.

The decree is affirmed, with costs to the appellee.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.