BOSTON-EDISON PROTECTIVE ASS'N *v.* GOODLOVE.

1. COVENANTS—BUILDING RESTRICTIONS:
    Erection by physician of one-story office building in rear of his residence on lot in subdivision where only two-story dwelling houses are permitted to be erected under restrictions in deed, is violation of both letter and spirit of restriction.

2. SAME—WAIVER—ESTOPPEL.
    While lot owners in restricted subdivision, by failing to object to physician's practicing medicine in his home, may be estopped from enjoining continuance of such practice, they are not thereby estopped from enjoining erection on lot of one-story office building, which does not conform to restrictions of subdivision.

On the question as to whether multiple residence structures are violation of restrictive covenants, see annotation in 45 L. R. A. (N. S.) 726; L. R. A. 1918C, 873.

3. SAME—RESTRICTION APPLIES TO USE AS WELL AS CHARACTER OF BUILDING.

Covenant restricting erection of any building except for dwelling house purposes applies to use as well as to character of building.

4. SAME—CHANGE IN CHARACTER OF DISTRICT.

In suit to enjoin violation of building restrictions, defendant's claim that character of district has been so changed as to automatically remove restrictions, held, without merit.

5. SAME—CHANGE IN NEIGHBORING DISTRICTS DOES NOT WARRANT REMOVAL OF RESTRICTIONS.

Change in character of certain sections of property bordering on certain street does not warrant removal of restrictions in large neighborhood bordering on same street, where lot owners in said neighborhood have strictly adhered to restrictions.

6 INJUNCTION—COVENANTS—MODIFICATION OF DECREE.

In suit to enjoin violation of building restrictions, decree of court below directing removal of building violating restrictions is modified, on appeal, to allow said building to be altered, if possible, to conform to restrictions.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 23, 1929. (Docket No. 107, Calendar No. 34,538.) Decided December 3, 1929.

Bill by Boston-Edison Protective Association, a Michigan corporation, and Campbell H. Leith against Paul C. Goodlove to enjoin the violation of building restrictions. From a decree for plaintiffs, defendant appeals. Modified and affirmed.

*Frank B. Ferguson* and *R. Wendell Brown,* for plaintiffs.

*Edward N. Barnard,* for defendant.

NORTH, C. J. Boston-Edison Protective Association, plaintiff herein, is a Michigan corporation. Campbell H. Leith, also a plaintiff, is its president.

The members of the association consist of residents of the blocks on Atkinson, Edison, and Longfellow avenues and Chicago and Boston boulevards, lying between Hamilton boulevard and Linwood avenue, Detroit, Michigan. One of the purposes of the association is to enforce the building restrictions in the aforesaid area.

Defendant is the owner of and resides in a beautiful, large two-story brick residence, with spacious grounds around it, at the northwest corner of Edison avenue and Hamilton boulevard, the property being known as lot 170 of Boston boulevard subdivision. The deed of each lot owner in said subdivision contains restrictive covenants as follows:

"It is mutually understood and agreed by and between the parties hereto for themselves and their respective heirs, legal representatives and assigns, that this conveyance is expressly subject to the following agreements, covenants and restrictions, which agreements, covenants and restrictions run with the land and relate to the entire Boston boulevard subdivision and provide a uniform plan for the improvement of said entire subdivision. No structure shall be built upon any lot in said subdivision except single dwelling houses, having at least two (2) full stories with at least 18-foot studding or posts, and all ceilings of full height and their appurtenant outbuildings.   *   *   *

"All houses shall have full basements of brick, stone or cement foundations, and there shall be no flat roofs."

The restrictions vary but slightly as to lot lines and other minor details. They are uniform as to restricting the property to single dwelling houses and in providing for substantial residences on the lots. The entire neighborhood has been built up as a fine residential district. The circuit judge stated

in his opinion it "is perhaps the choicest private residential district within the territorial limits of the city of Detroit."

Defendant is a practicing physician and has used his home, without objection, as a doctor's office. There is an entrance to it from Hamilton boulevard, on which it also fronts. His testimony shows that at one time he resided and conducted his office at the house on the corner of Atkinson avenue and Hamilton boulevard, in the same subdivision, and that there was no objection raised. This property is now being used as a residence and doctor's office by another physician.

Hamilton boulevard is a busy thoroughfare, on which there are street car tracks. It runs along the east side of the said subdivision. Both north and south of the subdivision there are stores on Hamilton boulevard. There is a large hospital fronting on Hamilton boulevard a short distance below the subdivision. However, for almost the solid five blocks of the subdivision from Atkinson avenue to the middle of the block that the north side of Boston boulevard borders on, there are no stores or any other business places.

All of the owners of the lots in the said subdivision have rigidly adhered to the restrictions and to the general plan of keeping the entire subdivision as a beautiful residential section. There have been no encroachments of business in the subdivision except that another doctor and plaintiff practice medicine in their respective homes.

In order to take care of his increasing business, defendant has begun the erection of a one-story office building in the rear of his residence. The building was to contain an X-ray room, medical library, waiting room, and doctor's office. Said structure in no respect conforms with the building restrictions. Its

purpose is to provide defendant with business offices, so that the property may be used for business purposes. This is in violation of both the letter and spirit of the restrictions of the subdivision.

Plaintiffs brought this action to restrain the erection of the said building and the use of it for business purposes. The lower court decreed that the property was restricted, and permanently enjoined defendant from proceeding with the erection of a building in violation of the restrictions and from using said premises for a doctor's office in a different manner than it had been previously used.

Defendant has appealed, and claims that the restrictions were waived through plaintiffs' acquiescence in permitting the use of his home as a doctor's office, and also the like use of the property at the corner of Atkinson avenue and Hamilton boulevard. He also claims that the character of Hamilton boulevard has so changed that it has become a business street, and that, therefore, the restrictions on the Hamilton boulevard frontage are no longer of any force and effect.

While it is true that there has been no objection made to the defendant's practicing medicine at his home and using it as a doctor's office where patients consulted him, nevertheless, the defendant should not be able to violate further rights of plaintiffs on account of his theretofore slight breach of the restrictive covenants in his deed. Plaintiffs are not estopped from preventing a most flagrant violation of the restrictions on account of their theretofore failure to stop a slight deviation from the strict letter of such restrictions. While it is true that by their acquiescence they may not be able to enjoin defendant from continuing to use his present home to the extent that it has been heretofore used as a doctor's office, they are still in a position to stop the more

serious violation of the restrictions that would result from the erection of a new or adjoining building; one story in height, without basement, etc., which does not conform with the restrictions of the subdivision. A covenant restricting the erection of any building, except for dwelling house purposes, applies to the use as well as to the character of the building. *Frink* v. *Hughes,* 133 Mich. 63; *Harris* v. *Roraback,* 137 Mich. 292 (109 Am. St. Rep. 681); *Bagnall* v. *Young,* 151 Mich. 69; *Schadt* v. *Brill,* 173 Mich. 647 (45 L. R. A. [N. S.] 726); *Kingston* v. *Busch,* 176 Mich. 566; *Killian* v. *Goodman,* 229 Mich. 393; *Holderness* v. *Finance Corp.,* 241 Mich. 604; *Tuttle* v. *Ohio Boulevard Land Co.,* 245 Mich. 188; *Seeley* v. *Phi Sigma Delta House Corp.,* 245 Mich. 252, and many other cases.

In the case of *Oakman* v. *Marino,* 241 Mich. 591, defendant claimed that the erection of a small frame building on one side of the lot and used as a store was sufficient to break the restrictions so that he could build a two-story building on another portion of the lot. It was held that "this phase of the case is not such as could be held to establish a waiver by or an estoppel against the plaintiff." In the case of *Hartwig* v. *Grace Hospital,* 198 Mich. 725, a residence had been remodeled and used as a hospital. The building was torn down and it was sought to erect a home for nurses on the property. The court held that inasmuch as plaintiff had taken immediate action to enjoin the erection of a home for nurses, he was entitled to an injunction, notwithstanding the fact that he had failed to seek an injunction against the use of the residence as a hospital. These cases are analogous to the one at bar on the grounds of waiver and estoppel.

The other claim made by defendant is that the character of Hamilton boulevard has so changed that

it has become a business thoroughfare, and that, therefore, the restrictions limiting the use of lots on Hamilton boulevard to single dwelling houses have been automatically removed. There is no merit whatsoever to this contention. Defendant relies on two cases to support his claim. He refers to the case of *Windemere, etc., Ass'n* v. *American State Bank,* 205 Mich. 539. In this case, it was held that the restriction forbidding the use of the property for business purposes was no longer of any force. It was shown that the three lots in the subdivision immediately north of the lot in question had been freed from the restriction and that it was inequitable to hold that defendant's lot was bound by a restriction when the adjoining property had been so released. In that case also the plaintiff association conceded that there had been such a change in conditions as to render the enforcement of the restrictions inequitable, and the association had been active in lifting the restrictions on other properties. Plaintiff in that case opposed the nearness of the building lines to the street on Windemere avenue. We have no such situation in the case under consideration. The other case that defendant relies upon is that of *Putnam* v. *Ernst,* 232 Mich. 682. No such principle as he contends for was presented before this court in that case. The property there under discussion was at the northwest corner of Woodward and Hazelwood avenues, Detroit, Michigan. The only restriction considered was in regard to the building of stores and the lot line on Hazelwood avenue. There was no appeal from the decision of the lower court, which held that the Woodward avenue frontage could be used for business purposes. The opinion of this court shows that on the Woodward avenue frontage of the same subdivision a bank building had been erected across the road from the property in question, and that also a

hotel and store building had been built adjoining the bank building. The length of the Woodward avenue frontage of the subdivision and the character of the neighborhood are not shown. The plaintiffs in that case were evidently satisfied with the decision of the lower court, which held that the restriction against building stores on Woodward avenue no longer applied in that neighborhood, for they did not appeal. It was further held that where it appears that it would be of benefit to lot owners in a subdivision to retain its residential character and also the restriction against business purposes, violations of the restrictions will be enjoined even on a corner lot, to the extent of preserving the building lines on a residential street which runs into Woodward avenue where the restrictions have been lifted, and defendants were also enjoined from opening stores on Hazelwood avenue. Although each case must be considered by itself, there are general rules which must govern. In a long line of decisions we have held that, notwithstanding a street has to a large extent become a business thoroughfare, nevertheless, when certain sections have been restricted in their use to residential purposes on account of restrictive covenants contained in the deeds or the recorded plats of the subdivisions, such restrictive covenants will be upheld. Claims similar to those made by the defendant Goodlove were made in the case of *Moore* v. *Curry*, 176 Mich. 456. The court held that:

"No such radical change has been shown in the environments and character of the neighborhood in which the restricted district is situated as to invoke the limitation contended for and justify the court in refusing at this time the relief asked."

This principle has been consistently followed by a long line of subsequent cases including *Andre* v.

*Donovan,* 198 Mich. 256; *Benzing* v. *Harmon,* 219
Mich. 532; *McQuade* v. *Wilcox,* 215 Mich. 302 (16
A. L. R. 997); *Swan* v. *Mitshkun,* 207 Mich. 70;
*Sherrard* v. *Fine,* 222 Mich. 392; *Moreton* v. *Louis
G. Palmer & Co.,* 230 Mich. 409. Defendant claims
that these cases indicate that residential restrictions
are removed from all lots abutting on a street when
a large part of the frontage of the entire street is
used for business purposes. The cases do not sup-
port this contention. Such changes do not affect a
rigidly restricted district. The change in the char-
acter of certain sections of property bordering on a
street does not affect a large neighborhood border-
ing on that street, where the lot owners in such
neighborhood have strictly adhered to the restrictive
covenants in their deeds.

The evidence shows that the entire Boston boule-
vard subdivision, including five continuous blocks
fronting on Hamilton boulevard has remained a
strictly residential neighborhood. There has always
been compliance with the restrictive covenants in
the deeds. To nullify these restrictions would be to
work a great injustice to the owners of these prop-
erties. However, the decree of the lower court
directed the defendant to "raze and remove the
structure as now erected" within 30 days. If, as was
adjudged in *Sanborn* v. *McLean,* 233 Mich. 227 (60
A. L. R. 1212), the portion of the building con-
structed can be altered so as to comply with the
restrictions, it need not be destroyed, but it should
be provided, as was decreed in the circuit court, that
the building erected, or any part thereof, is not "to
be used for the practice of medicine or surgery or
osteopathy." With this modification, the decree in
the circuit court is affirmed, with costs to plaintiffs.

Fead, Wiest, Clark, McDonald, Potter, and
Sharpe, JJ., concurred. Butzel, J., did not sit.