## TITUS *v.* KOPACZ.

1. COVENANTS—SIDE LOT LINES—ATTACHED GARAGES.
   Attached garages and other appurtenant outbuildings not occupied or used as living quarters, *held*, not within restrictions imposed upon lots of subdivision by deeds requiring that only single-family dwelling houses be erected, that they were to be placed at least 20 feet from side lot lines on lots of 100 feet or more frontage, and that specifically defined projections.

2. SAME—VIOLATIONS—SUBVERSION OF PLAN—WAIVER OF ENFORCEMENT.
   Finding of trial court that there were but 14 violations of building restrictions as to 20-foot set-back side lot lines on the 163 lots 100 feet wide in the subdivision and only 1 on street occupied by plaintiffs *held*, supported by record and insufficient to be subversive of the original plan of development or a waiver of restrictions preventing other property owners from enforcing them.

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Covenants, Conditions and Restrictions § 278.
   Garage or filling station as breach of restrictive covenant. 54 ALR 659, 99 ALR 541.
[2] 14 Am Jur, Covenants, Conditions and Restrictions §§ 295-298, 350.
[3-6] 14 Am Jur, Covenants, Conditions and Restrictions §§ 295-298.

3. SAME—VIOLATION OF OTHER RESTRICTIONS—MAINTENANCE OF GENERAL PLAN.

  The fact that other provisions of the original restrictive covenants may have been violated does not vitiate those covenants that have been maintained under a general plan of development.

4. SAME—WAIVER OF ENFORCEMENT.

  Construction by plaintiffs of open porch, a storage building, and a bush type hedge within 20-foot side-line set-back area did not preclude them from enforcement of such restriction in covenants in defendants' deeds against erection of dwelling house within such area as plaintiffs' projections were specifically permitted by the covenants, generally adhered to heretofore.

5. SAME—VIOLATION OF OTHER RESTRICTIONS—SIDE-LINE SET-BACK LINE.

  A violation of covenant, involved in general plan of development of subdivision, as to utility easement area by construction of a small building therein, would not preclude the owner of such lot from having enforcement of 20-foot side-line set-back restriction that had generally been observed.

6. SAME—SIDE-LINE SET-BACK RESTRICTIONS—ENFORCEMENT—VIOLATION OF OTHER RESTRICTIONS.

  Side-line, 20-foot set-back restrictions as to construction of dwelling houses on 100-foot lots constitute a valuable property right and, where generally observed throughout the subdivision, may be enforced by plaintiffs who may have violated other restrictions.

Appeal from Oakland; Adams (Clark J.), J. Submitted April 8, 1960. (Docket No. 35, Calendar No. 48,402.) Decided June 6, 1960.

Bill by John A. Titus, Helen S. Titus, William E. Devine, Genevieve Devine, and Oakland Manor Improvement Association, a Michigan nonprofit corporation, against Alphonse Kopacz, Olga Kopacz, Thomas J. McAllen, Mary Dow McAllen, and others to restrain construction violative of building restrictions. Decree for plaintiffs. Defendants appeal. Affirmed.

*Davis & Thorburn,* for plaintiffs.

*Leslie T. Jones,* for defendants.

PER CURIAM: Plaintiffs sued to restrain construction, in Berkley's Oakland Manor subdivision, of defendants' proposed new dwelling. Decree having entered for plaintiffs, defendants appeal.

The chancellor, a former distinguished member of this Court, prepared and filed an opinion which so well states the facts, and the undoubtedly correct conclusions of law that are necessary to decision here, as to impel its adoption. We do so submitting as our own the following connected portions thereof:

"The plaintiffs, Mr. and Mrs. John A. Titus and Mr. and Mrs. William E. Devine, own and occupy homes on Beverly boulevard in Oakland Manor subdivision in the city of Berkley, Michigan. Plaintiff, Oakland Manor Improvement Association, is a Michigan nonprofit corporation whose members are residents of the same subdivision. The defendants, Mr. and Mrs. Thomas J. McAllen, are the owners of lot 82 on Beverly boulevard, and were about to construct a new home on that lot when this chancery action was commenced. Plaintiffs seek to have the defendants permanently restrained from completing their proposed home claiming that its location, as indicated by footings already established, is in violation of restrictive covenants imposed as a general plan upon the subdivision.

"The subdivision was recorded in 1915, and, as lots were sold by the developers, restrictive covenants were incorporated in the deeds in relation to location, size and use of buildings to be constructed. Substantially all of the lots are either 50 or 100 feet in width, the only exceptions being those irregular shaped lots made necessary by the boundaries of the area. The restrictions recognized the 2 lot sizes, as applied to those lots having a 100-foot frontage, required that the 'dwelling houses' be placed at least 20 feet from the side lot lines. Insofar as the record shows, similar restrictive covenants were placed in all original deeds, and it is accepted as a fact by the

parties that in the first instance a general plan of development was established for the subdivision.

"Over the years Oakland Manor subdivision has developed into a better than average home-site area. Despite the fact that the subdivision is adjacent on the east to Woodward avenue, and is near a large school, a popular church, a public eating establishment, and a cemetery, the interior of the subdivision is characterized by well-kept and expensive homes. Real estate brokers operating in the area and familiar with the subdivision described it as an excellent home community.

"In the early years of the development the subdividers went to some effort to maintain the established standards of construction and use and later the plaintiff corporation was created for the primary purpose of maintaining property values through the enforcement of restrictions. Although conflicting testimony was offered it would appear that the residents were reasonably successful in maintaining the high standards established by the original subdividers, and, contrary to the defendants' claim of a hodge podge development, the area has in fact conformed in large part to the original plan.

"A decision in this cause requires a determination of whether or not the original restrictive covenants may still be enforced, and that determination in turn hinges upon 3 controverted issues:

"(1) Is the construction of an attached garage within the 20-foot set-back area a violation of the restrictions?

"(2) Has the original general plan of the subdivision as established by restrictive covenants been destroyed by continuing violations?

"(3) Are the individual plaintiffs in a position to complain of the defendants' alleged violations?

"Plaintiffs contend that an attached garage is not a part of a dwelling house and therefore not included within the prohibition of the restrictive covenants fixing location. Defendants on the other hand insist that attached garages are a development in resi-

dential construction not contemplated by the original subdividers and are in fact as much a part of the dwelling as any other portion of the house and hence should be treated in the same manner insofar as set-back covenants are concerned. The answer is found in the restrictions themselves which read in part as follows:

" 'There shall be erected only 1 single dwelling house and the necessary out buildings appurtenant thereto' on each lot.

" 'No garage building or outbuilding of any kind, except the dwelling house  *  *  *  shall be used or occupied for dwelling purposes.'

" 'Dwelling houses shall be placed at least 20 feet from side lot lines on lots of 100 feet or more frontage.'

" 'Projections. Open porches, steps and eaves shall not be construed as part of the dwelling but enclosed porches, bay windows and other projections forming a part of the body of the dwelling must be within the building line.'

"From the above quotations it appears too obvious to argue that a 'dwelling' or 'dwelling house' is that part of the building in which the owner lives or dwells. That is not only the clear intent to be gathered from the wording of the first 3 quoted paragraphs, but likewise the logical implication to be drawn from the one last quoted which distinguishes enclosed porches and bay windows from open porches. Clearly, those portions of the house used as living quarters are treated in a different manner than appurtenant buildings.

"That an attached garage is not a part of a dwelling within the meaning of the restrictive covenants is confirmed by a decision of the Supreme Court in the case of *Oliver* v. *Williams,* 221 Mich 471, wherein, and with comparable restrictions, it was held that the boundary of a 'dwelling house' was marked by the main bearing wall of the building.

"It is therefore the opinion and conclusion of this court that the construction of an attached garage

or other appurtenant outbuildings within the 20-foot set-back area is not in violation of the restrictions imposed upon the 100-foot lots in Oakland Manor subdivision.

"Having ruled that attached garages are not 'dwelling houses' within the intent and meaning of the restrictive covenants it follows that many of the alleged violations claimed by the defendants are in fact situations where construction is in compliance with the restrictions. In respect to violations in the subdivision, the plaintiffs showed by convincing testimony that there are 14 violations of building restrictions on the 163 one-hundred-foot lots in the subdivision with but 1 of the violations on Beverly boulevard where the individual plaintiffs reside. This the court finds to be a fact. The court further finds that such a proportionately small number of violations is not subversive of the original plan of development in relation to the set-back area and does not constitute a waiver of the restrictions which would prevent other property owners from enforcing them. *Corey* v. *Lauhoff*, 301 Mich. 168. Furthermore, the fact that other provisions of the original restrictive covenants may have been violated does not vitiate those covenants that have been maintained under a general plan of development. *Wilcox* v. *Mueller*, 250 Mich. 167.

"Finally the defendants say the individual plaintiffs have themselves violated the provisions of the restrictive covenants and are therefore not in a position to seek the assistance of a chancery court in an attempt to prevent violations by the defendants. The alleged violations of the plaintiffs, Titus, are the existence of an open porch, a storage building and bush type hedge within the 20-foot set back area, and the alleged violation by the plaintiffs, Devine, is the construction of a small building within the utility easement area. The court finds that the location of the outbuilding, hedge and open porch on the Titus property is not in violation of the restrictive covenant in relation to set backs. The court

further finds that the alleged violation on the part of the plaintiffs, Devine, is at most a violation of a restrictive covenant with which we are not here concerned and therefore does not preclude the plaintiffs from attempting to enforce the set-back covenant in this cause. *Wilcox* v. *Mueller,* 250 Mich 167.

"It is therefore the opinion of the court that the original restrictive covenants incorporated in the conveyance of all lots in Oakland Manor subdivision established a general plan of development of the area and that as applied to side-line set-back requirements that general plan has been maintained to the present time. Further, that such side-line set-back restrictions constitute valuable property rights acquired by the plaintiffs in the purchase of their homes. The plaintiffs are entitled to have the assistance of this court in enforcing those restrictions and a decree may issue accordingly restraining the defendants from constructing a dwelling house on lot 82, Oakland Manor subdivision, within the 20-foot side-line set-back of that lot. Costs to the plaintiffs."

Affirmed. Costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.