## SMITH v. LYNCH.

COVENANTS—BUILDING RESTRICTIONS PROPERLY ENFORCED WHERE GENERALLY OBSERVED.

A petition for the modification of a decree restraining petitioner from erecting a commercial garage in a district restricted to residential purposes on the ground that conditions have materially changed since the decree was entered, was properly denied where it appeared that with few exceptions the restrictions on the subdivision have been observed, although it was shown that there is considerable business around it.[1]

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted October 20, 1925. (Docket No. 118.) Decided December 22, 1925.

Bill by George H. Smith and others against Russell L. Lynch to enjoin the violation of building restrictions: On petition of defendant to modify a decree for plaintiffs. From an order denying the petition, defendant appeals. Affirmed.

[1]Deeds, 18 C. J. § 465.

*C. H. & G. M. Lehman,* for plaintiffs.

*William Henry Gallagher,* for defendant.

BIRD, J.  The bill in this case was filed to restrain defendant from violating a real estate restriction in the city of Detroit.  Hearing was had, and defendant was enjoined by decree filed November 19, 1924, from violating the restriction.  Petition for a modification of the decree was filed July 1, 1925.  A second hearing was had, but the court refused to modify the former decree.  Defendant now seeks to review that order.

In June, 1892, a tract of land lying on the northwest corner of Woodward avenue and Grand Boulevard was platted under the name of Lothrop and Duffield's subdivision.  As subdivided it contained 191 lots.  The subdivision was bounded on the east by Woodward avenue; on the south by Grand Boulevard; and on the west by Hamilton avenue.  It is traversed east and west by Lothrop, Pallister and Bethune avenues.  Second and Third avenues traverse it north and south.  Defendant's lot, which he purchased in 1924, is on the northeast corner of Bethune and Hamilton.  All the lots in the subdivision were restricted, as follows:

"Provided always and these presents are upon the express condition that the said premises shall be used for and occupied for residence purposes only; that no building shall be built, erected or maintained thereon, other than a single residence, costing not less than two thousand dollars, exclusive of the cost of outbuildings, and that no building or structure shall be erected or maintained thereon, within fifteen feet of the line of Bethune avenue, and the said parties of the second part by their acceptance of this conveyance hereby covenant and agree to and with the said party of the first part, and its successors and assigns, that they will and their heirs, representatives and assigns shall well and faithfully keep, observe and perform the fore-

going conditions and restrictions as to the use and occupation of said premises and the erection and maintenance of buildings thereon."

Very soon after defendant purchased his lot he began to construct a commercial garage in the rear of his house. Plaintiffs, owning homes on the subdivision, filed their bill to restrain the construction of it. The decision of the trial court was adverse to defendant. He did not appeal therefrom, but waited about a year and filed this petition for its modification. The petition is filed on the theory that the condition shown in the original case, plus the changes which have occurred since the decree was filed and before this petition was filed, had wrought such a change in the subdivision that the restrictions ought to be disregarded. Passing over the question of practice which has been followed in this case, and to which no exceptions have been taken by opposing counsel, we will go directly to the merits.

The proofs in the original case, and also the proofs on the hearing of the petition, show that there is a good deal of business *around* the subdivision, but not very much *on* it. At the corner of Woodward and Grand Boulevard there is considerable business, but most of it is on the south side of the street—outside of the zone of this restriction. At the intersection of the Boulevard with Hamilton avenue there are many business places, but only a limited number on the north or east side of the street. Elsewhere on the subdivision there are a few business places that are conducted in residences and barns. No new construction has been made for that purpose. The restrictions have been generally obeyed and observed on the subdivision.

It was shown that an agreement, containing the names of 86 out of 97 home owners on Bethune avenue had filed a petition with the register of deeds to re-

lieve the lots of the restriction.     This release would not have enabled defendant to build his commercial garage if all the owners of the 191 lots had signed the agreement, as the release is only partial.     The agreement simply substituted one set of restrictions for another set.     Both sets would have barred defendant from constructing his commercial garage.

This subdivision was restricted for a purpose, and that purpose was to make it a residence district where the owners of homes could live quietly, away from the noise and bustle of business.     With but few exceptions the restrictions have been observed.     If these restrictions must give way because there is more or less business around the subdivision, then all that will be necessary in the future to destroy any subdivision will be for speculators and others interested to surround it with business places, and all restrictions will be discarded.     We cannot agree with this construction of the contract.     We agree with the trial court in his refusal to modify the former decree.

The order of the trial court is affirmed, with costs to plaintiffs.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.