### FRIGO v. JANEK.

1. COVENANTS—BUILDING RESTRICTIONS—INJUNCTION—EQUITY. ·
    In a suit to enjoin the violation of building restrictions, the finding of the court below that there had been such a subversion of the plan of development provided for in the restrictive clauses in the deeds, with the express or implied assent of the owners of all of the lots in the blocks involved, as resulted in an entire change of pur-

¹Deeds, 18 C. J. § 465; Injunctions, 32 C. J. §§ 328, 581.

pose of the use to which the lots should be put, and that it would be inequitable to the present owners to enforce said restrictions at this time, *held*, justified by the record.

2. SAME—PROPERTY SEVERAL BLOCKS AWAY NOT AFFECTED.
   The holding of the court below that parties owning property on the same street several blocks from the lot in question, who were made parties plaintiff herein after the proofs were closed, were in no way affected by the violation of the restrictions in question, *held*, justified by the record.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted February 3, 1927. (Docket No. 174.) Decided April 1, 1927.

Bill by Oswaldo Frigo and others against Gesa Janek and others to enjoin the violation of building restrictions. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Colombo, Colombo & Colombo*, for plaintiffs.

*Carey, Armstrong & Weadock*, for defendants.

SHARPE, C. J.    The lots on both sides of Central avenue, between Logan and Pershing streets, of Ferndale subdivision in the city of Detroit, are restricted for building purposes to "a two-story building for residence purposes only, to be set on a line twenty-five (25) feet from the front line" thereof. There are seven lots in the blocks on each side of the avenue. On the east side, the defendants Janek (hereafter called the defendants) own the corner lot at the north end of the block. The plaintiffs Frigo (hereafter called the plaintiffs) own the next lot to the south, on which is a residence in which they live. One Alger has a residence on the next lot to plaintiffs, and he has a large brick garage extending to the street line of the avenue on the next two lots. The remaining

²Injunctions, 32 C. J. § 581.

two lots in the block on that side of the avenue are used for storing automobile trucks.    The entire block on the west side of the avenue is surrounded with a picket fence and is used for a lumber yard.    An office building fronts on the avenue.    Such were the uses of this property when plaintiffs purchased their lot.

On April 28, 1926, defendants began excavating for a basement on their lot, extending to the street line, on which they proposed to erect a two-story brick store building.    The contractor had the basement wall and a part of the front wall of the first story constructed when plaintiffs, on May 28th, filed their bill of complaint herein to enjoin the erection of a building nearer than 25 feet to the front lot line.    They make no complaint of the purpose for which the building is to be used.

The trial court found that there had been such a subversion of the plan of development provided for in the restrictive clauses in the deeds, with the express or implied assent of the owners of all the lots in these blocks, as resulted in an entire change of purpose of the use to which these lots should be put.    He also found that, before defendants began excavating, the plaintiffs "not only acquiesced in the building of a store, but in the building of it out beyond the 25-foot line."    We think the preponderance of the proof supports these findings.    He deemed it inequitable to the present owners to enforce the restrictive provisions at this time, and dismissed the bill.

It is apparent that at the time plaintiffs purchased their lot they could not in any way have relied on the restriction to secure to them the enjoyment of a home in a residential district.    Four of the seven lots on the side of the avenue in which their home was situate and the entire block on the other side were then used for business purposes.    In *Windemere, etc., Ass'n* v. *American State Bank*, 205 Mich. 539, 548, Mr. Justice STEERE, speaking for the court, said:

"The right and duty of a chancery court to enforce restrictions under its equitable jurisdiction is not absolute. In the exercise of such jurisdiction the same general equitable considerations and rules are recognized as move the court in passing upon applications to compel specific performance of contracts. Certainly no decree of this court can retain or restore the quiet suburban conditions existing and contemplated when those residential restrictions were imposed."

See, also, *McQuade* v. *Wilcox,* 215 Mich. 302 (16 A. L. R. 997).

The trial court was right in dismissing plaintiffs' bill.

After the proofs were closed, plaintiffs' counsel asked to have the other persons named joined as parties plaintiff. This was permitted over defendants' objection. They were all sworn. They owned property on the same street several blocks from the lot in question, and testified that they objected to the construction of defendants' building as planned. The trial court held that they were in no way affected by a violation of the restriction, distant so far from their property, and with this conclusion we agree.

The defendant Haycock was the contractor engaged in the construction of the building. The bill was also properly dismissed as to him.

The decree is affirmed as to all the parties, with costs to appellees.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.