## GOODFRIEND *v.* MALTESTA.

COVENANTS—INJUNCTION—ABANDONMENT AND WAIVER OF RESTRICTIONS—EQUITY.

> Where, by affirmative acts of lot owners, including the plaintiffs, the character and environment of a district has been changed from residential to business, they have abandoned and waived their right to insist on observance of a restriction, inapplicable to business property, which they have ignored for years, and therefore a court of equity will not enforce it.

Appeal from Wayne; Houghton (Samuel G.), J., presiding. Submitted January 16, 1929. (Docket No. 137, Calendar No. 34,129.) Decided March 29, 1929.

Bill by Dave Goodfriend and another against Louis Maltesta and others to enjoin violation of a building restriction. From decree dismissing plaintiffs' bill, they appeal. Affirmed.

*Arthur J. Hass*, for plaintiffs.

*Donald McGaffey* and *Frank S. Valenti*, for defendants.

FELLOWS, J. Plaintiffs own lot 185, Hart's subdivision in Highland Park. The lot fronts on Hamilton avenue and is between Labelle and Ford avenues. Defendant August Rosasco owns adjoining lots 187 and 188. The restrictions appearing in the conveyances to both properties are as follows:

"That said premises shall not be occupied by a colored person (of Ethiopian descent), nor for the purpose of doing a liquor business thereon, and all buildings shall be placed at least fifteen feet back of the front lot line of lots."

When the subdivision was platted does not appear. It does, however, appear that the district is now given over entirely to business. An exhibit showing the present occupancy of the lots in the vicinity is before us. There are seven lots in each block. The block in which these lots are situated is occupied as follows: Two lots by a gas station which goes to the street, three lots, including the one owned by plaintiffs, by stores which are five and one-half feet back from the street line, and the two lots upon which defendants have erected their store building running to the street line. In the block between Labelle avenue and Kendell avenue immediately to the north two lots are occupied by a gas station running to the street line, and the balance by stores running to the street line. In the block between Ford avenue and Pasadena avenue immediately to the south one lot and one-half lot are occupied by a store running to the street line. Three and one-half lots are occupied by stores within five to five and one-half feet from

the street line and the balance are vacant. The exhibit does not show an occupied lot with the building back 15 feet from the street line, nor does the testimony indicate any such condition.

The restrictions are not carefully worded. From the fact that all buildings were required to be back 15 feet from the lot line, it may be inferred that it was originally intended to provide for a residential district. Such a restriction would not be appropriate for business properties. But for years the district has been a business district. Such of the owners as so desired· have built their stores out to the lot line and have done so without protest from any one so far· as the record discloses, and such of them as desired so to do including plaintiffs have only encroached about two-thirds of the entire distance. It is fairly well established that no one in recent years has paid any attention to the restrictions.. The trial judge correctly found that the owners of lots in this district including plaintiffs had by their own conduct over a period of years abandoned and waived their right to insist on the observance of the restrictions. By the affirmative acts of the lot owners including plaintiffs, the character and environment of the district has been changed. It has become a business district and it would no longer be equitable to enforce a restriction inapplicable to business property.

Nor can we follow plaintiffs' contention that they are entitled to restrain defendants from going nearer the lot line than they have done themselves. The case is very different from *Oliver* v. *Williams,* 221 Mich. 471, upon which plaintiffs rely. In that case the parties had uniformly construed the requirement not to build nearer the street than 30 feet to mean that the main bearing walls of the building

should be back that distance. This had resulted in a uniform line for the houses proper and permitted porches to be built within the restricted area. It was there said by Mr. Justice WIEST, speaking for the court:

"Defendants have shown, at the most, no more than an erroneous construction of the restriction as to building line, accepted by all builders as the true interpretation and followed as the plan for making the street desirable for expensive residences."

.We there had a uniformity, possibly due to an erroneous construction of the restrictions, but here there has been no uniformity. If an owner desired to build out to the street he did so and no one complained. If he wanted to go out but two-thirds of the way into the area mentioned in the restrictions, he went that far and no further. The trial judge reached the right result. *Frigo* v. *Janek,* 237 Mich. 642; *Teagan* v. *Keywell,* 212 Mich. 649; *Austin* v. *Kirby,* 240 Mich. 56.

The decree will be affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.