### AUSTIN *v.* VAN HORN.

COVENANTS—BUILDING RESTRICTIONS—CHANGED CONDITIONS—EQUITY.
Suit to enjoin violation of reciprocal negative easement was properly dismissed, where evidence shows material changes in subdivision, and widening of street renders property less useful for residential purposes on account of city plans and building restrictions.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 11, 1931. (Docket No. 89, Calendar No. 35,787.) Decided June 25, 1931.

Bill by Francis Austin against Charles J. Van Horn and others to enjoin violation of building restrictions. Guardian Life Insurance Company of America, a New York corporation, as mortgagee, intervened with a cross-bill to enjoin disturbance of possession. Decree for cross-plaintiff. Plaintiff appeals. Affirmed.

*Wynn, Zinn & Freimuth,* for plaintiff.

*Clark, Klein, Ferris, Cook & Williams (Frank I. Kennedy, of counsel), for intervener.*

POTTER, J. This case is a continuation of *Austin* v. *Van Horn,* 245 Mich. 344. The bill of complaint in that case was filed January 11, 1927, to restrain defendant from violating the reciprocal negative easement imposed upon the property by building restrictions contained in the several deeds by which the property in the plat had been sold. December 9, 1927, a decree was entered by the trial court denying relief to plaintiff, which decree was directed to be reversed by the opinion of this court above cited. Neither at the time of the commencement of the case nor at the time of its disposition by this court, was a *lis pendens* filed in the office of the register of deeds for Wayne county. September 28, 1927, while the case was pending in the circuit court, the property in question was sold to T. Clifton Coleman, who was not made a party defendant to the suit above referred to. February 14, 1928, T. Clifton Coleman mortgaged the premises to the Union Trust Company of Detroit, for $11,000. At the time the mortgage was made, no *lis pendens* was of record, the store building complained of in the original suit had been erected and was occupied and used by the Atlantic & Pacific Tea Company in connection with its business. March 5, 1928, this real estate mortgage was assigned by the Union Trust Company to the Guardian Life Insurance Company of America. June 2, 1930, the defendant Guardian Life Insurance Company of America received notice of the pendency of the case of *Austin* v. *Van Horn,* cited above, and on June 19, 1930, this court granted leave to the Guardian Life Insurance Company of America to intervene, whereupon it filed an answer and

cross-bill to the bill of complaint. This case was heard in the circuit court for Wayne county and a decree for the defendant Guardian Life Insurance Company of America was rendered, and plaintiff, who was made defendant by way of cross-bill, appeals.

After the land was platted, building restrictions imposed thereon, the building in controversy in *Austin* v. *Van Horn* built and occupied, the mortgage made and executed and assigned to defendant and intervener, the city of Detroit, in which the lands were then situated, instituted proceedings to widen Livernois avenue to 130 feet; and a strip of land 29.77 feet wide was taken off the end of the lot in question leaving it 80.74 feet long on the north side and 80.7 feet on the south side, and by reason of the direction of Livernois avenue, approximately 70 feet deep at right angles with Livernois avenue. In *Austin* v. *Van Horn, supra,* it is said:

"There has been no material change on Livernois avenue since these residential restrictions were imposed."

The changed condition was not shown in that case, but in this case it is substantially undisputed that at the time the property in question was acquired by Robert Oakman which was subsequently platted, what is now Livernois avenue was a comparatively narrow country road, muddy and unpaved, used only by the neighboring farmers for purposes incident to the operation of their farms, with a county ditch on one side which carried a large volume of water and into which the water sometimes backed up from the river. This highway was not used for heavy traffic but used for purposes incidental to local traffic. Since the platting of the land and the imposition of

the building restrictions, the testimony shows the condition of the entire neighborhood has changed. The ditches along this county road have been discontinued. Livernois avenue has been widened to 130 feet. It now constitutes a through traffic street in the city of Detroit, a so-called arterial highway. It is paved its entire width. It is one of the streets in the city of Detroit which carries a heavy truck and passenger traffic. It is traversed by two street car tracks. A part of the property of defendants was taken by condemnation by the city. The city, by such condemnation proceedings, violated the building restrictions imposed upon the property, but plaintiff did not intervene and claim damages, nor was he made a party in such condemnation proceedings. The testimony is not seriously disputed that, while the lot in question is large enough to build a house upon which might be lived in, the city plan commission of the city of Detroit recommends that lots used for the purposes of dwelling houses shall be at least 40 by 120 feet or its equivalent, and the testimony of other persons is that this property would not be useful for residential purposes on account of the city plans and building restrictions. If the restrictions be enforced in its now changed condition, intervener will be deprived of the use of its property, its only valuable attribute. Under the conditions involved herein, the decree of the trial court is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.