GOLDEN *v.* DAVIS.

COVENANTS—BUILDING RESTRICTIONS—CHANGED CONDITIONS—EQUITY.
  Injunction to restrain violation of building restriction as to corner lot was properly denied where character of particular locality in question, including lots in same subdivision subject to same restrictions and adjoining said corner lot on one street, has changed from a residential to a business section and plaintiff failed to show any basis for damages.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 10, 1934.   (Docket No. 117, Calendar No. 37,563.)   Decided March 6, 1934.

Bill by Russell E. Golden against Fannie Davis and Highland Oil Corporation, a Michigan corporation, to enjoin violation of building restrictions. From decree dismissing bill and removing building restrictions, plaintiff appeals.   Affirmed.

*Joseph R. Leemon* and *Isadore Starr,* for defendants.

BUTZEL, J.   Previous to 1890 property in the center of Detroit and north of Grand boulevard con-

sisted mainly of undivided tracts of land, many of them fronting on Woodward avenue, a main arterial highway running in a northerly and southerly direction. In 1890 a rather narrow strip was subdivided and platted under the name of McLaughlin Brothers' subdivision, out lot 4 and the southerly 150 feet of out lot 5 of the subdivision of quarter section 45, 10,000-Acre Tract, Detroit. It runs from Woodward avenue three blocks west to Hamilton boulevard, and is also traversed by Second and Third avenues, which run north and south and parallel to Woodward avenue. The lots of the subdivision front on the north and south side of Blaine avenue and on the south side of Gladstone avenue.

Plaintiff Russell E. Golden is the owner of lot 70 in the subdivision. This lot is situated at or near the southeast corner of Gladstone and Third avenues and is approximately 800 feet distant from lot 84 and the west 20 feet of lot 85 of the subdivision, the latter two lots being situated at the southwest corner of Gladstone and Second avenues. This latter property is owned by defendant Fannie Davis, who has made some agreement with the defendant Highland Oil Corporation, under which it is about to erect and operate an attractive oil station on the property. Plaintiff has brought the instant suit to restrain such a use.

The property was platted with the following restriction:

"That the owner of said lots, their heirs and assigns shall not, at any time erect or place, or cause, or permit, to be erected, or placed, on said premises any other building except a dwelling house and the necessary private barn and outhouses, and the said dwelling house shall cost not less than $2,500 and shall stand not less than 20 feet from the front line of the lot, and not more than one such dwelling

house, with the necessary outbuildings, and private barn, shall be erected or placed upon any one lot.''

At the time of the platting, and for many years thereafter, Second avenue north of Grand boulevard was exclusively a residential street. With the advent of the automobile, the rapid growth of the city, the necessity for wider streets for vehicular traffic, and the demand for neighborhood stores, rooming houses, restaurants and oil stations, the character of Second avenue has entirely changed, with the exception of a few corners, in the 14 blocks north of the boulevard up to Clairmount avenue. Beautiful shade trees formerly bordering the avenue have been cut down, and the plots between the sidewalk and street narrowed, and the width of the street extended to 80 feet. Second avenue begins at the Detroit river and runs in a northerly direction. When it reaches the boulevard, it makes a slight jog to the east, and then proceeds further north. At the southeast corner of the boulevard and Second avenue the large General Motors building has been erected. At the northwest corner of the same streets the new Fisher building is situated. The New Center building is located in the next block, and from there on north to Clairmount avenue, with the exception of a few blocks, Second avenue has rapidly changed into a business thoroughfare. There are several corners between the boulevard and Clairmount avenue which still retain their strictly residential nature and which have not been affected by any changes. However, at the northwest corner of Second and Gladstone avenues, in the immediate vicinity of defendant's property, five houses, formerly used exclusively for residential purposes, have been converted into stores or shops. Immediately opposite, on the east side of Second avenue,

a double residence has been transformed into a large store occupied by a grocery. Immediately south of defendant's property, and in the same subdivision, is a large apartment building, on the ground floor of which a pharmacy is located, with its main entrance on Second avenue.

There is no claim that defendants will not observe the building line restrictions on Gladstone avenue. Plaintiff, however, claims that the property cannot be used for business purposes. We are not confronted with the question of whether it may be so used, for, as a matter of fact, two houses on the south side of the property in question are devoted to business, and have for some time been so used, the same as many other buildings fronting on Second avenue in the near vicinity. As far as the record shows, plaintiff has not produced any testimony to controvert the claim of defendants that the character of the particular locality in question has changed from a residential to a business section. The plaintiff has failed to show any basis for a complaint for any damages whatever. As far as he is concerned, the case is ruled by *Windemere-Grand Improvement & Protective Ass'n* v. *American State Bank,* 205 Mich. 539; *Frigo* v. *Janek,* 237 Mich. 642, and *Austin* v. *Van Horn,* 255 Mich. 117, as to the Second avenue lots in the subdivision. In reaching our conclusions on the issues raised by plaintiff, we do not depart from the principles of law set forth in *Boston-Edison Protective Ass'n* v. *Goodlove,* 248 Mich. 625.

The trial court properly dismissed plaintiff's bill of complaint, and its decision in that respect is affirmed, with costs to appellees.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.