WINEMAN REALTY CO. v. PELAVIN.

. BETHWOOD CORP. v. SAME.

1. Covenants—Residence Restrictions—Equity.

Residence restrictions on lots adjoining property used for business purposes may be lifted where it would be inequitable to enforce the restrictions.

2. Same—Exclusive Residential Subdivision—Business.

Residence restrictions on lot abutting wide boulevard without street car tracks in exclusive residential subdivision in a district where restrictions have generally been observed will not be lifted notwithstanding lot owner may not have insisted upon observance in more remote portions of same subdivision, nor because of business inroads around the subdivision.

3. Same—Injunction—Gas Station—Depreciation in Value—Title.

Violation of residence restrictions by erection of gas station on lots acquired by defendants by quitclaim deeds dated less than four months prior to commencement of suits may be enjoined by nearby lot owners whose lots have been improved by large apartment houses and restrictions appear of record in deeds to common predecessors in title, notwithstanding alleged depreciation in value of defendant's lots for residence purposes.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 20, 1934. (Docket No. 85, Calendar No. 37,755.) Decided June 4, 1934.

Separate bills by Wineman Realty Company and Bethwood Corporation, Michigan corporations, against Harry J. Pelavin and others to enjoin erection of a gas station on lots restricted to residence purposes. Cases consolidated for trial. Decrees for plaintiffs. Defendants appeal. Affirmed.

*LeRoy W. Belanger* (*Morris Garvett,* of counsel), for plaintiff Wineman Realty Company.

*Morris Garvett,* for plaintiff Bethwood Corporation.

*Ralph E. Routier,* for defendants.

BUTZEL, J. The Wineman Realty Company and, in a companion case, the Bethwood Corporation, both Michigan corporations, were granted injunctions enjoining Harry J. Pelavin *et al.*, defendants, from erecting a gas station on lots 592 and 593 of Robert Oakman's Livernois and Oakman Highway Subdivision, of part of quarter section 9, 10,000-Acre Tract, Greenfield township, Wayne county, Michigan, now in the city of Detroit. From the northwest corner of Dexter boulevard and Davison avenue the subdivision extends north approximately one-third of a mile, and west almost one-half mile. It is bounded on the east by Dexter boulevard, running in a somewhat northerly and southerly direction, on the west by Livernois avenue, running north and south, and on the south by Davison avenue, and is traversed by Davison, Clements, Grand and Pasadena avenues, Oakman highway, and LaBelle avenue, in the order named, all running east and west.

The Wineman Realty Company property consists of the lots at the northwest corner of Dexter boulevard and Davison avenue, upon which a large apartment building has been erected. The Bethwood Corporation's property, also improved with a large apartment building, is situated at the southwest corner. of Dexter boulevard and Grand avenue. Another apartment building has been erected at the southwest corner of Dexter boulevard and Pasadena avenue. Defendants' lots 592 and 593, as hereinbefore described, are situated at the southwest corner of Dexter boulevard and Clements avenue. They adjoin the property of the Wineman Realty Company, and are located about 180 feet south of the Bethwood Corporation's apartment building. The plat of the subdivision was recorded July 5, 1916. All of the apartment buildings have been erected for a considerable period.

Defendants acquired their property by quitclaim deed May 26, 1933. Their predecessors in title, as well as all other lot owners in the subdivision, acquired their property either directly or by *mesne* conveyances from the subdividers whose deeds contained covenants restricting the use to residential purposes. The restrictions have been rigidly observed throughout the entire subdivision, except in a very few instances. There are but few buildings on Dexter boulevard, a wide thoroughfare, with considerable traffic. It is claimed that the apartment building of the Wineman Realty Company contains a large space on the ground floor which originally, prior to its acquisition by its present owner, was designed for use as a grocery. However, the space was never so used. There is no such claim made in regard to the apartment building of the Bethwood Corporation. There is a small grocery and beauty parlor in the apartment building at the southwest

corner of Pasadena avenue and Dexter boulevard. The entrance to the grocery, however, is not on Dexter boulevard but on Pasadena avenue, while that to the beauty parlor is from the inside of the apartment building. A sign on the Dexter boulevard side of the building directs attention to the fact that there is a grocery and beauty parlor in the building. There is no claim that either of the plaintiffs have any responsibility for, or control over, this building. There is no showing whatsoever that they knew about the violation of the restrictions until some time after the businesses were established. Plaintiffs show that the grocery cannot be seen from their properties. It appears that the restriction has been violated in a few instances in respect to property located about a half mile away from the premises here involved. Defendants also show a violation of the restriction on Livernois avenue, over half a mile away. As to this violation, see *Austin* v. *Van Horn,* 255 Mich. 117, where we held that, due to the fact that conditions on Livernois avenue had completely changed, it would be inequitable to enforce the restrictions on lot 408 of the subdivision, fronting on Livernois avenue. The city of Detroit had taken a large part of the lots fronting upon Livernois avenue, for the purpose of widening the street, on which a double street car track was laid, and where but few buildings had been erected. The lots, after the condemnation, were left so shallow as to be unfit for residential purposes.

Defendants claim that the character of Dexter boulevard has so changed that the case of *Austin* v. *Van Horn, supra,* should govern. We can find no similarity in the conditions. Dexter boulevard remains, as originally laid out, a large boulevard, 100 feet in width. It contains no street car tracks, and

the lots have lost none of their width. It is true that property south of the subdivision, fronting on Dexter boulevard, is being used largely for business purposes, but business has not encroached upon the subdivision itself, and plaintiffs are within their full rights in attempting to safeguard their investments by insisting upon the maintenance of the residential character of the subdivision. Where a street has so changed in character that the particular property in question adjoins, on all sides, property used for business purposes, and under the special circumstances it would be inequitable to enforce the restrictions, we have lifted them. See *Windemere-Grand Improvement & Protective Ass'n* v. *American State Bank of Highland Park,* 205 Mich. 539. But this is not the situation in the instant case. The distinction was pointed out in *Boston-Edison Protective Ass'n* v. *Goodlove,* 248 Mich. 625, where plaintiff sought to enjoin a violation of the restrictions on certain lots which faced on Hamilton boulevard, a wide street with street car lines. The restriction was upheld and the injunction granted, on the ground that the lots in question were part of an exclusive residential district in which the restrictions had always been observed, notwithstanding the fact that other portions of the boulevard outside the subdivision were not subject to restrictions. Defendants also rely on *Golden* v. *Davis,* 266 Mich. 7, where we dismissed the bill of complaint on facts entirely different from those in the case at bar, again approving of the decision in *Boston-Edison Protective Ass'n* v. *Goodlove, supra.* The owner does not necessarily waive the right to insist on the rigid enforcement of the restrictions in a particular district by failure to insist upon their observance in some other blocks or streets of the same subdivision.

*Home Development Co.* v. *Omeleanchik,* 253 Mich. 568.

The contention of defendants that the property could be used more profitably for business purposes does not impress us. While it is claimed that it would be far better were property on some main thoroughfares no longer restricted for residential purposes, nevertheless those who have purchased property and otherwise acted in reliance upon the restrictions have property rights that cannot be overlooked. Plaintiffs show that the value of their property would be unfavorably affected by such a violation of their rights. Restrictions generally observed will not be lifted because of business inroads around the subdivision. *Smith* v. *Lynch,* 233 Mich. 6. In *Moreton* v. *Louis G. Palmer & Co.,* 230 Mich. 409, a somewhat similar attempt was made to disregard the restrictions in a residential district, on account of changing conditions on Woodward avenue. We nevertheless upheld the restrictions, finding that there was no such radical change in the character and environment of the neighborhood as to justify a holding that the equities of certain owners of Woodward avenue frontage outweighed those of owners of the balance of the subdivision, who had purchased in reliance on such restrictions and had observed them. It is further claimed that the enforcement of the restrictions has resulted in a depreciation in value of the lots located in the subdivision and fronting on Dexter boulevard. If this were true, it could not in any way affect the rights of plaintiffs, whose properties have been improved by the erection of large apartment buildings, and who are rightfully seeking to have the restrictions maintained. Even if there were any merit in defendants' claim, we cannot overlook the fact that

any such depreciation in value must have taken place prior to the purchase of the property by defendants, whose deeds are dated less than four months prior to the time the instant suits were begun. It is true that they acquired title by quitclaim deeds; nevertheless, the restrictions appear in the recorded muniments of title.

The trial judge was correct in upholding the restrictions and his decree is affirmed, with costs to plaintiffs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.