KNORR *v.* HAZEN.

1. COVENANTS—BUILDING RESTRICTIONS—VIOLATIONS—WEIGHT OF EVIDENCE.

In suit involving proposed violation of restriction as to minimum cost of erection of residence where, in support of claim that such restriction had been waived by erection of a house costing less than the minimum, testimony by a builder that house cost less than such minimum, based upon volume of cubic feet in the house, plus fact that it was offered for sale at less than such minimum, was not persuasive of violation in view of fact that the builder of the house testified that it cost more than the minimum restriction relating thereto.

2. SAME—ISOLATED VIOLATION—WAIVER.

The fact that one of the plaintiffs in a suit involving the violation of $10,000 restriction as to minimum cost of erection of residence was a builder who had erected a house several hundred feet away and not in the same block of the subdivision in

violation of such restriction is not properly a ground for denying relief to remaining plaintiffs, where such violation was but an isolated instance, the house did cost $9,000 and was not such a substantial violation as to result in a waiver of plaintiffs' rights to insist upon compliance.

3. Same—Single Breach—Diminution of Value—Estoppel.
   A single breach of the original plan in some distant part of the plat or under circumstances such as not injuriously to affect a party's property, or where there is no radical or material change in the general conditions, or surroundings, does not estop a plaintiff from asserting his rights against an adjacent owner whose breach of restrictions threatens to diminish the value and desirability of his property materially.

4. Same—Reciprocal Negative Easement—Waiver by Some Not a Waiver by All.
   Since each lot owner in a restricted subdivision has a reciprocal negative easement in the restrictions he may insist upon their observance by the others and the willingness of some of the lot owners to waive the restriction is not binding on the others who insist upon strict observance.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 18, 1939. (Docket No. 78, Calendar No. 40,676.) Decided February 14, 1940.

Bill by George E. Knorr and others against Herbert B. Hazen and others to restrain the construction of a house in violation of restrictive covenants. Bill dismissed. Plaintiffs appeal. Reversed.

*E. Reed Hunt* (*Robbins & Schuur,* of counsel), for plaintiffs.

McAllister, J. Plaintiffs, home owners and property owners in Brookline subdivision No. 1 in Detroit, Michigan, brought suit to restrain defendants from erecting a house on one of the lots therein situated, in violation of building restrictions. By warranty deed, duly recorded with the register of

deeds and dated September 21, 1928, from the J. M. Holding Company to the Union Trust Company, all the lots on Outer boulevard and Grandville road in the subdivision are restricted to single residences, to cost not less than $10,000 each. There is no dispute that defendants' proposed house violates this restriction. The trial court held that the restrictions had been waived and dismissed the bill. Plaintiffs appeal.

Witnesses on behalf of plaintiff testified that the cost of the proposed house would amount to approximately $6,000. Edmund Kuhlman, a builder and president of the Greater Detroit Home Builders Association, having no interest in the matter of this suit, testified, after an examination of the proposed plans and specifications, that the cost of such house would be between $5,700 and $5,900. The cost of the house, as computed by plaintiffs' witnesses, would be $6,500. The estimated cost by defendant owner, as shown by application for building permit by defendant Bell, agent for the owners, was $6,000. On the trial, Bell testified that the house could be built for $6,591.

Various instances are relied upon by defendants to establish their defense that the restrictions have been repeatedly violated and that plaintiffs, by their conduct, have waived their right to insist upon compliance therewith. The alleged violations of restrictions occurred on lots 140 and 243 of the subdivision, in the block adjoining that in which is located the lot where it is proposed to build defendants' house. Plaintiff Knorr, a builder, erected the house on lot 243 and testified that it cost $10,500 to build. Defendant Bell, testifying as an expert builder, stated that in his opinion the cost of such house at the time it was built would be about $6,500, and with a builder's profit, the total figure of the cost would be

around $7,250; but this witness had never been inside the house, did not know anything about the kind of plumbing fixtures which were installed, was ignorant of the way in which it was finished inside, and admitted that if the inside of the house was better than he thought, it would substantially increase his estimate of the cost. Furthermore, his estimate was based upon nothing more than the volume of cubic feet of the house. In view of witness Knorr's testimony that the actual cost was $10,500, Bell's estimates, as above-mentioned, appear valueless; and the fact that the house was offered for sale thereafter for $9,500, or less, is not persuasive that the house did not cost more to build.

It is admitted, however, that the house on lot 140 was built for less than the restriction requirements, it being conceded by Knorr that it cost approximately $9,000. The trial court was of the opinion that plaintiffs had violated the restrictions and that the controversy arose out of the actions of the two contractors—plaintiff Knorr, who wanted the contract to build the house for defendant Hazen, and Bell, who secured the contract and sought to erect the house. The court found that the suit was not designed as a real desire on the part of plaintiffs to maintain the restrictions.

From an examination of the record it appears that the only claimed violations of the restrictions were on lots 140 and 243; and the only proved violation was the building of a $9,000 house on lot 140. Whether this is such a violation as would deprive plaintiffs from enforcing the restrictions is the question determinative of this case.

Plaintiffs testified that a persuasive reason for building their homes in this subdivision was because of the restrictions, and that the intended violation

thereof would result in damage to them in reducing the value of their premises.

Knorr's violation of the restrictions in building a house costing $9,000 is not properly a ground for denying the remaining plaintiffs relief. The house in question was not in the same block as the premises of plaintiffs, but it was several hundred feet away. There is no proof that such violation was anything more than an isolated case, and, as for the character and appearance of the house, it was not, in any event, such a substantial violation of the plan, envisaged in the purpose of the restrictions, as to result in a waiver of the rights of plaintiffs to insist upon compliance. It does not appear that this particular violation materially diminished the value of other property in the subdivision.

In *Davison* v. *Taylor,* 196 Mich. 605, 614, where enforcement of building restrictions was sought and a defense interposed on the ground of estoppel, the court said:

"Nor does it follow that a single or an occasional breach of the original plan in some distant part of the plat, or under circumstances such as not to injuriously affect a party's property, or where there is no radical or material change in the general conditions, or surroundings, estop such party from asserting his rights against an adjacent owner whose breach of restrictions threaten to materially diminish the value and desirability of his property."

In *Misch* v. *Lehman,* 178 Mich. 225, 228, in considering the question herein involved, the court said:

"The true rule seems to be that, even after one or more breaches, equity will grant relief if the restriction can be shown to be of value to complainant, and such breaches have not resulted in a subversion of the original scheme of development resulting in a

substantial, if not entire, change in the neighborhood.''

If it could be considered that Knorr's admitted violation resulted in a waiver of his right to enforce the restrictions, such waiver would not affect the rights of other plaintiffs. In *Voorheis* v. *Powell,* 261 Mich. 378, 383 (85 A. L. R. 932), where certain property owners had signed a written waiver of the restrictions, it was held that other owners who had not so consented were entitled to injunctive relief to enforce the restrictions, and in passing upon this question, the court said:

''Even if the waiver were still in full force as to some of the plaintiffs, the most defendants could claim would be a misjoinder of some parties plaintiff. The bill, however, would remain good as to those plaintiffs who did not sign the waiver. Each lot owner has a reciprocal negative easement in the restrictions and may insist upon their observance by the others. The willingness of some of the lot owners to waive the restriction is not binding on the others who insist upon its strict observance.''

In *Swan* v. *Mitshkun,* 207 Mich. 70, 75, the court, in its opinion, used language which could well be applied to the instant case:

''The case falls well within that class where it is the policy of the courts of this State to protect property owners who have not themselves violated restrictions in the enjoyment of their homes and holdings, free from inroads by those who attempt to invade restricted residential districts and exploit them under some specious claim that others have violated the restrictions, or business necessities nullified them.''

The violation of the restrictions in question did not require the remaining plaintiffs to act in order

to preserve their rights. In *De Galan* v. *Barak*, 223 Mich. 378, 382, it was held:

"Violations in other blocks and on other streets did not require plaintiffs to run to court to prevent them or, for failure to do so, remain supine when other and nearer violations of the restrictions threatened them with direct financial injury."

In *Home Development Co.* v. *Omeleanchik*, 253 Mich. 568, 572, it was said:

"An owner does not necessarily waive the right to insist on the strict enforcement of restrictions in a particular district by his failure to insist upon their observance in some other blocks or streets of the same subdivision."

See *Bischoff* v. *Morgan*, 236 Mich. 251; *Wineman Realty Co.* v. *Pelavin*, 267 Mich. 594; *Farley* v. *Finn*, 226 Mich. 205.

There is no evidence that the violation relied upon by defendants injuriously affected the property of other home owners; it resulted in no material change in the general conditions, or surroundings, in the subdivision. No waiver can be predicated on the part of plaintiffs in failing to enforce their rights with regard to the restrictions; and no conduct of a single owner in such a case prevents the granting of injunctive relief to the other owners whose property is injuriously affected.

The decree is vacated, and a decree will be entered in accordance with this opinion, with costs of both courts to plaintiffs.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.