NORTHWEST HOME OWNERS' ASSOCIATION, INC., *v.*
SHORE-SEVERS COMPANY.

COVENANTS—RESIDENCE RESTRICTIONS—PREVIOUS DECISION.
>  Where, since decision of an earlier case upholding the same building and use restrictions concerning lots across street from those involved in instant case but in the same subdivision, there has been no material change in conditions and no waiver by plaintiffs, injunction is granted against use of lots for parking automobiles in connection with defendant's garage and salesroom on adjoining property around the corner on a business street, as to lots restricted to use for single residences, such earlier decision being controlling under the circumstances although not *res judicata.*

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 14, 1949. (Docket No. 48, Calendar No. 44,346.) Decided September 8, 1949. Rehearing denied December 8, 1949.

---

REFERENCES FOR POINTS IN HEADNOTES
14 Am Jur, Courts, § 65.

Bill by Northwest Home Owners' Association, a Michigan corporation, and others against Shore-Severs Company, a Michigan corporation, to restrain violation of building and use restrictions. Decree for defendant. Plaintiffs appeal. Reversed and injunction granted.

*Charles Bowles,* for plaintiffs.

*Moll, Desenberg & Purdy,* for defendant.

Bushnell, J. This is an appeal from a decree dismissing a bill of complaint filed by the Northwest Home Owners' Association, Inc., and certain property owners, against defendant Shore-Severs Company, to restrain it from using the west 21.42 feet of lot 361 and lots 362 and 363 of Robert Oakman's Turner and Ford Highway Subdivision, located at the northwest corner of Livernois avenue and Oakman boulevard for other than residential purposes.

The property in question is presently being used by defendant for parking automobiles in connection with its garage and salesrooms immediately adjoining this property to the north. Defendant's place of business faces Livernois and the property in question faces on Oakman boulevard, formerly known as Ford Highway. The restrictions imposed upon the property are as follows:

"All lots fronting on Ford Highway are hereby expressly restricted to single residences. No dwelling shall be erected on any lots fronting on Ford Highway, the cost of construction of which shall be less than $5,000."

Robert Oakman's amended Turner and Ford Highway Subdivision contains 606 lots, all located west of Livernois. The Livernois frontage, consisting of lots 576 to 606, is now used for business pur-

poses. However, lots 573, 574 and the northwest 21.42 feet of lot 575 facing on Oakman and located on the southwest corner of that street and Livernois are still residential property by reason of a determination of this Court in *Northwestern Home Owners' Association* v. *Sheehan,* 310 Mich 188, decided November 30, 1944. In that case plaintiffs William C. Sprau and wife, Bertha, were also plaintiffs.

Defendant urges that from the date when Sprau first occupied his home in 1927, the change in the character of Livernois has been "dynamic and dramatic," due to the widening of Livernois and its transformation into "a heavily traveled main business thoroughfare traversing a congested area in the city of Detroit." It is argued that this change in the character of the street was recognized by this Court as early as 1931 in its opinion in *Austin* v. *Van Horn,* 255 Mich 117, which had to do with the restrictions in another subdivision on the east side of Livernois.

The development of property in this vicinity was described in detail in the *Sheehan Case,* and, according to the testimony in the record before us, conditions have not materially changed since that case was decided.

Appellee also argues that there has been a complete waiver of the building restrictions by plaintiffs and appellants.

As said in the *Sheehan Case:*

"We have frequently stated that each case involving restrictions must stand by itself as the facts so widely differ in each one."

See, also, *Putnam* v. *Ernst,* 232 Mich 682, and *Boston-Edison Protective Ass'n* v. *Goodlove,* 248 Mich 625.

We do not have the same latitude, however, where we are confronted with authority presenting almost

identical facts. While *Northwestern Home Owners' Association* v. *Sheehan* is not *res judicata* as to the parties in this action, its similarity to the instant case is so great that decision there is controlling here. It has to do with the same restrictions and concerns lots just across the street, which are in the same subdivision. The record does not support the conclusion that there has been any waiver on the part of plaintiffs and appellants.

The decree of the trial court is vacated and one may be entered here granting plaintiff a permanent injunction restraining any violation of the restrictions on the lots in question by defendant. Costs to appellants.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.